UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN JOHNSON,

                Plaintiff,          2:13-cv-00412-CL

               v.               FINDINGS AND
                            RECOMMENDATION

COLETTE PETERS, et al.,

                Defendants.

CLARKE, Magistrate Judge.

     Plaintiff was an inmate in the custody of the Oregon Department of Corrections at the time he filed this action. He is now in the custody of the Texas Department of Corrections.

     Plaintiff's claims against Saint Alphonsus Medical Center, Ontario, (SAMCO) relate to medical treatment he received at SAMCO's emergency department on February 2, 2013 and February 4, 2013. Plaintiff's other claims relate to a

1 - FINDINGS AND RECOMMENDATION

wide variety of complaints about the conditions of his confinement at the Oregon State Penitentiary and the Snake River Correctional Institution.

Before the court are defendant SAMCO's Motion for Summary Judgment (#88) [filed June 2, 2014] and the Oregon defendants Motion for Summary Judgment (#125) [filed September 16, 2014]. On September 23, 2014, plaintiff was sent a Summary Judgment Advice Notice (aka a "Rand Notice"). Despite being allowed numerous extensions of time, plaintiff has not filed any substantive response to defendants' motions for summary judgment.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. V. Catrell, 477 U.S. 317, 322-323 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." Id. To carry the initial burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 532 (9th Cir. 2000). In

response, the nonmoving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

A summary judgment motion cannot be defeated by relying solely upon conclusory allegations unsupported by factual data. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the nonmoving party must come forward with *specific facts* showing that there is a genuine issue for trial. <u>TW Elec. Service v. Pacific Elec. Contractor's Ass'n.</u>, 809 F.2d 626, 630 (9th Cir. 1987). A fact is "material" when it is relevant to an element of a claim or when its existence might affect the outcome of the suit. *Id*. If the nonmoving party's facts, together with undisputed background or contextual facts, do not show the nonmoving party to be justified to a jury verdict in its favor, summary judgment is appropriate. *Id*. at 631. Summary judgment, just as for a directed verdict under Fed. R. Civ. P. 50(a), is mandated where the facts and the law will reasonably support only one conclusion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-250 (1986).

As noted above, plaintiff has not filed any substantive responses to defendants' motions for summary judgment. Therefor the evidence submitted in support of defendants' motions constitutes the uncontested, un-controverted facts of

3 - FINDINGS AND RECOMMENDATION

the case.   The uncontested facts establish that there are no material issues of fact remaining in this case and that defendants are entitled to judgment as a matter of law.

SAMCO's Motion for Summary Judgment (#88): In Claim IV, plaintiff alleges that on February 2, 2013, an unidentified emergency room nurse and doctor failed to provide him "the standard of medical care required for his condition" after he swallowed dozens of prescription pills (Omeprazole and Naproxen).   Plaintiff further alleges that on February 4, 2013, an unidentified emergency room nurse, doctor, x-ray technician, and radiologist "acted to deny him needed care and appropriate examination" after he allegedly swallowed 3 broken pieces of razor blade.

Plaintiff characterizes his claims as claims for deliberate indifference under the Eighth Amendment, "racially motivated discrimination, mistreatment and conspiracies against the 14th Amendment and 42 U.S.C. § 1985," medical malpractice, negligent infliction of emotional distress, "reckless disregard for his health, life and safety, etc., and intentional infliction of emotional distress." Complaint (#2) ¶9.

SAMCO has filed an comprehensive brief in defense of each of plaintiff's claims. However, it is not necessary to address defendants legal arguments in detail, because the uncontested

facts reflect that the emergency room medical personnel made informed treatment decisions based on a physical examination off plaintiff and test results. *See*, Declaration of Rachael Robinson (#89). In addition, plaintiff has failed to present any evidence that defendants conspired or discriminated against him on the basis of race or otherwise.

To the extent that plaintiff relies on state law tort (negligence or malpractice) claims, he has failed to controvert defendant's evidence that they did not breach the medical standard of care. Nor has plaintiff presented any evidence that he suffered any physical or emotional harm as a result of defendant's actions.

In short, plaintiff's claims fail as a factual matter. Defendant SAMCO's Motion for Summary Judgment (#88) should be allowed.

State of Oregon's Motion for Summary Judgment (#125): Plaintiff's claims against the state defendants can be generally categorized as follows: Claims I, II, and II allege denial of due process rights under the 14th Amendment in connection with correctional disciplinary proceedings. Plaintiff also claims an injury to his reputation under common law and the Oregon Constitution, and that the correctional disciplinary proceedings are Article III "judiciary" criminal proceedings and for that reason are *ultra vires*.

Plaintiff's claims IV, V. VII and XIV allege deliberate indifference to plaintiff's serious medical needs under the Eighth Amendment, and for racial discrimination and conspiracies among the defendants in violation of the 14th Amendment. In addition, plaintiff alleges medical malpractice, and negligent and intentional infliction of emotional distress.

Plaintiff's claims VI, XI, XIII, and XV allege denial of access to the courts, unlawful search and seizure, denial of confidentiality, of due process and of attorney-client privilege under the 1st, 4th, and 14th Amendments.

Plaintiff's claims VII, IX, and XII allege denial of his rights to freedom of speech and press under the 1st Amendment.

Defendants have filed a detailed brief and numerous supporting declarations which are un-controverted and establish that there are no genuine issues of material fact as to plaintiff's claims and that the claims are without merit. It is unnecessary to reiterate those facts and legal arguments in detail.  In summary, they are as follows.

Claim I:  Plaintiff's attempt to analogize a prison disciplinary hearing to a criminal proceeding is misplaced. *See*, Sandin v. Conner, 515 U.S. 472 (1995). Hearings Officer Denise Parker's Declaration (#130) establishes that plaintiff's disciplinary hearings were conducted in accordance

with Oregon Department of Corrections Administrative Rules,
that plaintiff was afforded the substantive and procedural due
process to which he was entitled, and that there was a
preponderance of the evidence to support the Disciplinary
Hearings Officer's findings.

Claim II: plaintiff's complaint of reputational injury is not
actionable - especially in view of the fact that there is
substantial evidence that plaintiff engaged in the underlying
actions about which he complains to have been stigmatized.

Claim III: As with claims I and II, plaintiff's analogy
between prison disciplinary hearings and criminal courts
proceedings is misplaced, and to the extent Claim III is
premised upon an "unlawful criminal proceeding" it fails as a
matter of law. Moreover, the uncontradicted facts before the
court establish that the process plaintiff was given in these
proceedings was proper under any notion of substantial
justice.

Claim IV: Plaintiff's Claim IV relates to his medical
treatment at St. Alphonses Medical Center, it is addressed
above.

Claim V.: To the extent Claim IV relates to the medical
treatment he received while housed at the Snake River
Correctional Institution, the Declaration of Dr.. Shelton
(#131) establishes that defendants were not deliberately

indifferent to his serious medical needs and that plaintiff received appropriate medical care in response to his complaints.

Claim VI: Plaintiff alleges that he entered ODOC custody with a large amount of legal papers and was denied the ability to store his "legal property" in violation of OAR 291-117, and in denial of his right of access to the courts.

However, plaintiff's allegation is controverted by the Declaration of Thomas Wright(#126) which establishes that upon his arrival at the Oregon State Penitentiary, special arrangements were made to accommodate plaintiff's extraordinary volume (20 boxes) of "legal work," and that during his incarceration at OSP plaintiff did not report any concerns regarding his legal work.

Claim VII: In Claim VII plaintiff alleges that on June 20, 2012, exposure to pepper spray cause him to gag and choke on food he was eating, almost resulting in his "fatal choking."

However, the Declaration of Steve Shelton (#131) indicates that plaintiff did not seek any medical treatment in response to the pepper spray event of June 20, 2012, and that on the next day, June 21, 2012, plaintiff was admitted to the Disciplinary Segregation Unit for an unrelated matter and did not report any breathing problem or irritation from the pepper spray incident to the Intake nurse.

Plaintiff has not demonstrated any "deliberate indifference to his serious medical needs" in support of his Claim VII.

Claims VIII, IX and XII: Plaintiff alleges that defendants improperly confiscated and rejected his mail and interfered with his legal mail.

The Declaration of Stephen Cook (#127) indicates that from August 20, 2012 to June 14, 2013, while housed at the Snake River Correctional Institution, plaintiff received nineteen (19) mail violation notices, and that each of the violations was based on and processed in accordance with approved ODOC Administrative Rules. Plaintiff has not presented any evidence to the contrary or argument that the OARs are unconstitutional or violate his rights.

Claim X: Plaintiff alleges that on numerous occasions he has been denied delivery of periodicals and books in violation of ODOC "notice" rules, and that he has ben denied access to his "collegiate encyclopedia, law books, etc." during periods of time when he has been confined in Special Housing.

The Declaration of Stephen Cook (#127) establishes that during the time plaintiff was housed at SRCI, plaintiff's subscriptions were logged and if they were properly addressed the publications were sent to him. If they were not delivered, plaintiff would have received a publication

9 - FINDINGS AND RECOMMENDATION

violation notice indicating why they were not delivered. Mr. Cooks "through search" of the records indicates that no publication notices were sent to plaintiff. Plaintiff has not submitted any evidence to the contrary.

Claim XII: In Claim XII, plaintiff claims that defendants have confiscated and subsequently destroyed or lost various manuscripts" and literary works he intended to publish.

ODOC policy requires prisoners to obtain permission from ODOC to write anything intended for publishing. It is undisputed that plaintiff has not requested such authorization for any manuscripts. It is also undisputed that all of the property removed from plaintiff's cell pursuant to an "in cell property reduction" on October 25, 2012 was properly inventoried and properly stored in accordance with standard ODOC protocols.

Claim XIII: Plaintiff alleges that while he was confined in DSU he was been improperly compelled to submit confidential legal and medical documents to defendant Rossi in order to have them copied.

Ms. Rossi's Declaration (#132) establishes that plaintiff's photo copying requests were handled by inmate clerks in accordance with ODOC Rules governing inmate legal affairs and did not violated plaintiff's constutional or privacy rights.

Claim XIV: Plaintiff alleges that defendants were deliberately indifferent to a sore on his finger. However, Dr. Shelton's un-controverted Declaration indicates that plaintiff received constitutionally adequate medical care for his sore finger and that defendants were not deliberately indifferent to plaintiff's serious medical need. Plaintiff has not established either the objective or subjective prong of an Eighth Amendment claim.

Claim XV: Plaintiff alleges that inmates in the Special Housing Unit at SRCI do not have "physical access" to law libraries, nor assistance from anyone trained in the law.

Defendant Rossi is the library coordinator at SRCI. Ms. Rossi's Declaration (#132) establishes that in accordance with Bounds v. Smith, 430 U.S. 817 (1977), inmate legal assistants assigned to assist other inmates with their legal concerns were available to plaintiff but that during his time at SRCI, plaintiff did not request to speak with an inmate legal assistant. Ms. Rossi's Declaration further establishes that plaintiff had access to case law, legal resources including forms, notary services, pleading paper and photocopying services. Plaintiff was afforded more than adequate access to law library resources and a constitutionally adequate right of access to the courts.

Summary: Defendants SAMCO's Motion for Summary Judgment (#88)

11 - FINDINGS AND RECOMMENDATION

should be allowed; the State of Oregon defendants Motion to file excess pages (#123) is allowed; defendant State of Oregon Defendants' Motion for Summary Judgment (#125) should be allowed; plaintiff's Motion for partial summary judgment (#110) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

As indicated in the text of this Findings and Recommendation I have not reiterated defendants facts and legal arguments in detail because it is not necessary in view of plaintiff's lack of response to defendants' motions.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith.  Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this ___ day of June, 2015.

Mark D. Clarke
United States Magistrate Judge